IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-1-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ARKADIO DEANGEL OLIVARES-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On April 5, 2012, without a written plea agreement, Arkadio Deangel Olivares-Lopez ("Olivares-Lopez") pleaded guilty to possession with the intent to distribute five kilograms or more of cocaine, a schedule II substance, and aiding and abetting. See [D.E. 1, 23, 36]. On July 20, 2012, the court held Olivares-Lopez's sentencing hearing. See [D.E. 28, 30]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Olivares-Lopez's total offense level to be 31, his criminal history category to be III, and his advisory guideline range to be 135 to 168 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Olivares-Lopez to 162 months' imprisonment. See id.; [D.E. 28, 30]. Olivares-Lopez appealed. On April 17, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Olivares-Lopez, 518 F. App'x 205, 205–06 (4th Cir. 2013) (per curiam) (unpublished).

On November 19, 2015, Olivares-Lopez (through counsel) moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 42]. On August 11, 2016, Olivares-Lopez filed a pro se motion for a sentence reduction [D.E. 43]. On November 30, 2017, Olivares-Lopez filed a supplemental motion for modification of an imposed term of

imprisonment [D.E. 45]. Olivares-Lopez's new advisory guideline range is 120 to 135 months' imprisonment, based on a total offense level of 29 and a criminal history category of III. See Resentencing Report. Olivares-Lopez requests a 132-month sentence. See id.; [D.E. 42] 2, 5.

The court has discretion to reduce Olivares-Lopez's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Olivares-Lopez's sentence, the court finds that Olivares-Lopez engaged in serious criminal behavior. See PSR [D.E. 32] ¶¶ 4–8. Moreover, Olivares-Lopez is a violent recidivist and has convictions for reckless driving, assault, criminal mischief, failure to stop and give information, burglary of a motor vehicle, and evading arrest. See id. ¶¶ 10–15. Olivares-Lopez has little work history. See id. ¶¶ 26–28. Olivares-Lopez has taken some positive steps while incarcerated on his federal sentence, but he has sustained disciplinary infractions for being in an unauthorized area, refusing to obey an order, failing to stand count, being unsanitary or tidy, and phone abuse. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Olivares-Lopez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Olivares-Lopez's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while in prison. Cf.

U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Olivares-Lopez's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Olivares-Lopez's motions for reduction of sentence [D.E. 42, 43, 45].

SO ORDERED. This _5_ day of May 2018.

JAMES C. DEVER III
Chief United States District Judge